UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re:

                                        Chapter 11

PLVTZ, INC.,

                                        Case No. 07-13532 (REG)

                Debtor

--------------------------------------------------------x

**UNITED STATES TRUSTEE'S OBJECTION TO APPLICATION OF
THE DEBTOR FOR AN ORDER (I) TO RETAIN AND EMPLOY JONES DAY AS
COUNSEL, NUNC PRO TUNC AS OF OF THE PETITION DATE
AND (II) GRANTING CERTAIN RELATED RELIEF**

DIANA G. ADAMS
UNITED STATES TRUSTEE

Paul K. Schwartzberg (PKS-9129)
Susan D. Golden (SG-1218)
Trial Attorneys
33 Whitehall Street
21st Floor
New York, New York 10004-2112
Tel. No. (212) 510-0500
Fax. No. (212) 668-2255

# TABLE OF CONTENTS

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   i

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   ii

I.     INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

II.    FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2

      A.      The Debtor . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2

      B.      Secured Debts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

      C.      The Prior Levitz Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

      D.      The Application . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

III.   ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

      A.      General Standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

      B.      Jones Days' Representation of GECC and Several Landlords is
              an Adverse and Actual Conflict of Interest . . . . . . . . . . . . . . . . . . . .   6

      C.      Representation of Levitz Disqualifies Jones Day . . . . . . . . . . . . . . .   8

      D.      Conflicts Counsel Is Not a Substitute for Following
              the Requirements of Section 327(a) . . . . . . . . . . . . . . . . . . . . . . . . .   9

# TABLE OF AUTHORITIES

**CASES**                                                                    **PAGES**

*In re Amdura Corp.*, 121 B.R. 862 (Bankr. D. Colo. 1990). . . . . . . . . . . . . . . . . . . .   7, 8

*In re American Printers & Lithographers, Inc.*, 148 B.R. 862 (Bankr. N.D. Ill.) . . .   7

*In re Diva Jewelry Design, Inc.*, 367 B.R. 463  (Bankr. S.D.N.Y. 2007. . . . . . . . . .   7

*In re Git-N-Go, Inc.*, 321 B.R. 54 (Bankr. N.D. Okla. 2004). . . . . . . . . . . . . . . . . .   9

*In re Granite Partners, L.P.*, 213 B.R. 440 (Bankr. S.D.N.Y. 1997) . . . . . . . . . . . .   5, 6, 8

*In re Harold and Williams Development Co.*, 977 F.2d 906 (4th Cir. 1992) . . . . . . .   10

*In re Leslie Fay Companies, Inc.*, 175 B.R. 525 (Bankr. S.D.N.Y. 1994) . . . . . . . .   6, 8

*Matter of Status Game Corp.*, 102 B.R. 19 (Bankr. D. Conn. 1989) . . . . . . . . . . .   7

*In re Mercury*, 280 B.R. 35 (Bankr. S.D.N.Y. 2002), *aff'd,* 122 Fed. App. 528 (2d   10
Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*In re Portrait Corporation of America, Inc.*, Case No. 06-22541 (ASH) ("PCA"),   10
ECF No. 136 at 16. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Premier Farms, L.C.*, 305 B.R. 717 (Bankr. N.D. Iowa 2003) . . . . . . . . . . . . . . . .   6, 7

*In re TMA Associates, Ltd.*, 129 B.R. 643 (Bankr. D. Colo. 1991) . . . . . . . . . . . . .   9

*In re Vebeliunas*, 231 B.R. 181 (Bankr. S.D.N.Y. 1999) . . . . . . . . . . . . . . . . . . . .   6

*In re Worldcom*, 311 B.R. 151 (Bankr. S.D.N.Y. 2004) . . . . . . . . . . . . . . . . . . . . .   5, 6, 9

**STATUTE**                                                                  **PAGE**

11 U.S.C. § 327 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

UNITED STATES BANKRUPTCY COURT       HEARING DATE: November 20, 2007
SOUTHERN DISTRICT OF NEW YORK    HEARING TIME:  2:00 p.m.
----------------------------------------------------- x

In re:                                :

                                   :      Chapter 11

PLVTZ, Inc.,                       :

                                   :      Case No. 07-13532 (REG)

                                   :

                         Debtor.    :

----------------------------------------------------- x

### UNITED STATES TRUSTEE'S OBJECTION TO APPLICATION OF THE DEBTOR FOR AN ORDER (I) TO RETAIN AND EMPLOY JONES DAY AS COUNSEL, NUNC PRO TUNC AS OF OF THE PETITION DATE AND (II) GRANTING CERTAIN RELATED RELIEF

The United States Trustee for Region 2 (the "United States Trustee") objects to the

Debtor's Application (the "Application") for an Order (I) Authorizing the Employment of Jones

Day as Bankruptcy Counsel *Nunc Pro Tunc* as of the Petition Date and (II) Granting Certain

Related Relief .  In support of her objection, the United States Trustee represents and alleges as

follows:

### INTRODUCTION

Jones Day fails to meet one of the most significant and important requirements of Section

327(a) of the Bankruptcy Code - that is, Jones Day is not disinterested.  Indeed, Jones Day holds

several adverse interests.  First, Jones Day represents General Electric Capital Corporation

("GECC"), the Debtor's pre-petition lender and most significant creditor.  The retention of Jones

Day by GECC specifically states that Jones Day may not be adverse (and therefore sue) GECC.

Second, Jones Day currently represents Levitz Home Furnishings, Inc. and its affiliated entities

(collectively "Levitz") in their pending bankruptcy cases.  The Debtor purchased substantially all

of its assets from Levitz less than two years ago.  Jones Day was Levitz's bankruptcy counsel on

all matters, including the sale of its assets to the Debtor. Moreover, Jones Day negotiated the DIP financing with GECC in the Levitz bankruptcy. Third, Jones Day currently represents several of the Debtor's landlords. Finally, a Jones Day partner, Brian M. Poissant, whose role in this case is not clear, is the brother-in-law of the Debtor's Chief Merchandising Officer.

These connections cast doubt on all of Jones Day's pre-petition negotiations as well as all post-petition acts Jones Day would take on behalf of the Debtor. The conflicts here present such a situation. Allowing Jones Day to represent the Debtor undermines the aura of transparency and integrity that every bankruptcy case must have. Accordingly, the Court should deny the Application.

## FACTS

**A.    The Debtor**

1.      The Debtor filed its chapter 11 petition on November 8, 2007 (the "Petition Date").

2.      The Debtor, which conducts its business as Levitz Furniture, is a specialty retailer of furniture, bedding and home furnishings in the United States with 76 store locations in eight states. *See* Local Rule 1007-2 Affidavit of Kathleen M. Guinnessey at ¶7, ECF No. 4 ("Guinnessy Affidavit").

3.      The Debtor commenced this case to pursue, on an expedited basis, a "potential sale of, or investment in, its business as a going concern" or, if an investor or purchaser is not located, "to conduct an orderly liquidation of any remaining assets through a going out of business sale." *Id*. at ¶ 2.

4.      The United States Trustee will be holding a meeting to form an official committee of unsecured creditors on November 16, 2007.

**B.**      **Secured Debts**

5.      The Debtor is a borrower under an $85 million prepetition credit facility among various lenders, with GECC, as agent and lender and GE Capital Markets, Inc., as lead arranger. *Id.* at ¶ 21.  At the commencement of this case, approximately $32,629,063 was outstanding on the prepetition credit facility.  *Id.* at ¶ 22.  The Debtor's obligations under the prepetition credit facility are secured by a first-priority lien on all of the Debtor's personal property.  *Id.* at ¶ 23.

6.      On the Petition Date, the Debtor moved for the continued use of cash collateral (the "Cash Collateral Motion"), including the cash collateral subject to the prepetition credit facility.  ECF No. 14.  On November 9, 2007, this Court entered an interim order permitting the Debtor's use of cash collateral.  ECF No. 63.  A final hearing on the Cash Collateral Motion is scheduled for November 29, 2007.

**C.**      **The Prior Levitz Case**

7.      On October 10, 2005, Levitz and its affiliated entities commenced their own Chapter 11 proceedings, captioned *In re Levitz Home Furnishings, Inc., et al.*, 05-45189 (BRL) (the "Levitz Case").

8.      On November 10, 2005, a final order was entered authorizing Jones Day to represent Levitz in its bankruptcy cases.  *See* Docket for Levitz Case at ECF No. 205.

9.      GECC was a DIP lender in the Levitz case.  *Id.* at ECF No 25.   Jones Day negotiated that financing transaction on behalf of Levitz.  *Id.*

10.      Pursuant to an order dated December 14, 2005, Levitz, with Jones Day as counsel, sold substantially all of its assets to the Debtor.  *Id.* at ECF No. 515.

11.      The Levitz cases are still pending, with Jones Day as bankruptcy counsel.

**D.    The Application**

12.    On the Petition Date, the Debtor filed an Application to retain Jones Day as bankruptcy counsel.  ECF No. 25.  The United States Trustee would not consent to the entry of an interim retention order authorizing Jones Day's retention because of certain connections disclosed in the Affidavit of Brad B. Erens, filed in support of the Application (the "Erens Affidavit").

13.    The Erens Affidavit discloses, among other things, that Jones Day currently represents the Debtor's primary secured creditor in this case in matters unrelated to the case.  Erens Affidavit, at ¶ 10(b), ECF No. 25 (emphasis added).   The Affidavit further states that Jones Day may not be directly adverse to that creditor.  *Id*.  Specifically, the Erens Affidavit states:

> General Electric Co., Inc. ("GE") the parent company of the Debtor's secured lender General Electric Capital Corporation ("GECC"), is a current client of Jones Day in unrelated matters.  **In accordance with the terms of Jones Day's retention by GE, Jones Day may not be directly adverse to GE's affiliates, including GECC**.  In the event that a direct diversity developed, the Debtor is aware that it may need to retain additional retention. (emphasis added).

*Id*. (emphasis added).[1]

14.    The Erens Affidavit also discloses that Jones Day represented Levitz in its bankruptcy sale of substantially all of its assets to the Debtor.  Id. at ¶ 10(d).  To date, Jones Day still represents Levitz in its bankruptcy case.  *Id*.

15.    Schedule 2 to the Erens Affidavit lists all interested parties that currently employ

---

[1]    The Erens Affidavit discloses that the representation of GE generates less than 1% of Jones Day's annual revenue.  Erens Affidavit at ¶ 9.  While this 1% threshold may ordinarily be significant in determining disinterestedness, here it is not relevant since actual conflicts exist.

or have formerly employed Jones Day. Several of the Debtor's landlords appear on this schedule as current clients. *Id.*, Schedule 2 at 4, 5, 6, 9 and 10.

16. In addition, as noted above, a Jones Day partner, Brian M. Poissant, is the brother-in-law of the Debtor's Chief Merchandising Officer. *Id.* at ¶ 10(c). The Erens Affidavit fails to clarify the role Brian M. Poissant will play, if any, in this bankruptcy case.

## ARGUMENT

### A. General Standard

Section 327(a) of the Bankruptcy Code provides, in part, that

> (a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, . . . or other professional persons, **that do not hold or represent an interest adverse to the estate and that are disinterested persons**, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a) (emphasis added). Thus, a professional

> 1) must not hold an interest adverse to the bankruptcy estate; 2) must not represent an interest adverse to the estate; and 3) must be disinterested.

*In re Worldcom*, 311 B.R. 151, 163 (Bankr. S.D.N.Y. 2004). "The 'materially adverse' standard incorporated in the disinterestedness test and the 'interest adverse to the estate' language in section 327(a) overlap . . . and form a single test to judge conflicts of interest." *In re Granite Partners, L.P.*, 219 B.R. 22, 33 (Bankr. S.D.N.Y. 1998) (citations omitted).

The term adverse interest is not defined in the Bankruptcy Code. However, the Second Circuit has defined the term as:

> (1) to possess or assert any economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant; or (2) to possess a predisposition under circumstances that render such a bias against the estate.

*In re Worldcom*, 311 B.R. at 163 (*quoting Bank Brussels Lambert v. Coan (In re AroChem*

*Corp.*), 176 F.3d 610, 623 (2d Cir.1999).) "The decision whether an adverse interest exists is determined by the court on a case by case basis." *Id.*

A disabling adverse interest arises where a professional "had a meaningful incentive, **or the perception of one**, to act contrary to the interests of the estates*." In re Granite Partners*, 219 B.R. at 36 (emphasis added). *See also In re Leslie Fay Companies, Inc.*, 175 B.R. 525, 534 (Bankr. S.D.N.Y. 1994) (debtor's counsel investigating a client "had a perceptible economic incentive not to pursue the possibility of claims . . . with the same vigor and intensity it might have otherwise applied.)

"To be disinterested is 'to prevent even the appearance of a conflict irrespective of the integrity of the person or firm under consideration.'" *In re Vebeliunas*, 231 B.R. 181, 191 (Bankr. S.D.N.Y. 1999).

**B.      Jones Days' Representation of GECC and Several Landlords is an Adverse and Actual Conflict of Interest**

Jones Day's current representation of GECC in unrelated matters renders Jones Day unable to represent the Debtor in this case.  In *Premier Farms, L.C.*, 305 B.R. 717 (Bankr. N.D. Iowa 2003), the bankruptcy court, in a factual scenario similar to the instant matter, disqualified proposed counsel for the debtor.

In *Premier Farms*, the debtor's schedules listed Bank of America, N.A. (the "Bank") as the debtor's primary creditor with a secured claim of $67,000,000.  *Premier Farms* 305 B.R. at 719.  The Bank was the agent of a four or five bank syndicate.  *Id*.  Proposed debtor's counsel, however, represented the Bank in unrelated matters.  *Id*.  Such representation accounted for two-tenths of 1% of the firm's billings for 2003 and three-tenths of 1% for the firm's billings for 2002. *Id*.

In holding that proposed counsel's representation of the Bank was a disqualifying conflict, the court found that proposed counsel "had a predisposition to bias in favor of Bank. Bank is a client. It has been one for at least two years." *Id*. at 720. The court noted that proposed counsel would have to deal with the Bank's bankruptcy counsel in matters such as adequate protection, plan treatment and stay litigation. *Id*. The court further stated that "there must be no concern in the minds of other creditors that Bank is receiving favored treatment from debtor because debtor's counsel represents Bank." *Id*. at 721. Accordingly, "[proposed counsel's] attorney-client relationship with Bank, one of the most significant, if not the most significant creditors in this case, creates a potential if not actual conflict of interest for the law firm. Such conflict should result in disqualification as counsel for the debtor-in-possession" *Id*. at 721. *See also In re American Printers & Lithographers, Inc.*, 148 B.R. 862 (Bankr. N.D. Ill.)(disqualification of counsel mandated where significant client of counsel in unrelated matters is debtor's secured creditor); *In re Amdura Corp.*, 121 B.R. 862 (Bankr. D. Colo. 1990)(counsel disqualified from representing debtor where counsel's significant client in unrelated matters was lead bank for debtors' $265,000,000 credit arrangement); *Matter of Status Game Corp.*, 102 B.R. 19 (Bankr. D. Conn. 1989)(proposed retention of debtor's counsel denied because counsel's representation of secured creditor gave rise to appearance of conflict).

In the instant matter, Jones Day's proposed retention by the Debtor is even more untenable. Not only is Jones Day's client, GECC, the largest and most significant creditor in this case, the Jones Day-GECC retention agreement specifically provides that Jones Day may have no adverse interest to GECC. Jones Day's inability and/or refusal to sue GECC constitutes an actual disabling conflict of interest. As this Court has recently stated, an "actual conflict of interest is active competition between two interests in which one can only be served at expense of the

other." *In re Diva Jewelry Design, Inc.*, 367 B.R. 463, 472 (Bankr. S.D.N.Y. 2007); s*ee also In re Granite Partners*, 219 B.R. at 40 ("the preconceived refusal to sue a potential defendant at the beginning of an investigation constitutes a disqualifying adverse interest"); *see also In re Leslie Fay*, 175 B.R. at 535 (refusal to sue debtor's accountants and auditors rendered counsel not disinterested); and *In re Amdura Corp.*, 121 B.R. 862, 871 (Bankr. D. Colo. 1990) (debtor's counsel was not disinterested because counsel would not sue a bank that was a client and a creditor of the debtor).

Jones Day's representation of several of the Debtor's landlords in unrelated matters also renders Jones Day unable to represent the Debtor in this case. There is no question that the assumption, rejection or sale of the Debtor's leases, no matter how the Debtor proceeds with this case, will significantly impact not only the Debtor's ability to reorganize but the possibility for any recovery for creditors.

### C.  Representation Of Levitz Disqualifies Jones Day

Jones Day seeks to represent both the seller and buyer of the Levitz assets. Specifically, Jones Day represented Levitz in the bankruptcy sale of substantially all of its assets to the Debtor. *See Erens Affidavit* at ¶ 10(d), ECF No. 25. Jones Day also represented Levitz in negotiating its DIP Financing with GECC in Levitz's bankruptcy case. *See* Docket for Levitz Case at ECF No. 25. Jones Day still represents Levitz in its bankruptcy case. *Erens Affidavit* at ¶ 10(d). Jones Day now seeks to represent the Debtor, the purchaser of the Levitz assets. To the extent any causes of action arise out of the Levitz case, including causes of action arising out of the sale of the Levitz assets against the professionals involved in that transaction, Jones Day admits that it clearly cannot investigate such matters. Moreover, Jones Day has an economic incentive to advise the Debtor **not** to investigate or pursue causes of action related to the sale, which at the

very least, may lessen the value of this bankruptcy estate. Given that the Debtor has stated that "[f]rom its inception" in December 2005 "its business has experienced - - and continues to experience - - financial difficulties" this issue is not an insignificant consideration. *Guinnessy Affidavit* at ¶ 33. Accordingly, Jones Day in not disinterested and should not be retained. *In re Worldcom*, 311 B.R. at 163 (adverse interest where counsel posses an economic interest that would tend to lessen the value of the estate or to posses a predisposition that renders a bias against the estate).

### D. Conflicts Counsel Is Not a Substitute for Following the Requirements of Section 327(a)

In an attempt to ameliorate the various actual and potential conflicts, Jones Day has moved to retain Young Conaway Stargatt & Taylor, LLP as conflicts counsel in this case. ECF No. 27. Young Conaway's retention however, does not insulate Jones Day from the disqualifying factors set forth herein. *See In re Git-N-Go, Inc.*, 321 B.R. 54, 61-62 (Bankr. N.D. Okla. 2004)(proposed bankruptcy counsel disqualified although debtor proposed to retain conflicts counsel to provide advise in connection with creditors represented by proposed bankruptcy counsel). There are certain factual situations where conflicts of interest between parties are so critically adverse to one another that the Court should not permit the multiple representation of parties, even with consent and after full disclosure. *In re TMA Associates, Ltd.*, 129 B.R. 643, 645 (Bankr. D. Colo. 1991). This is one of those cases.

In conclusion Jones Day's attorney-client relationships with many of the parties in interest in this case *ipso facto* means that it cannot meet the requirements of Section 327(a) of the Bankruptcy Code. As discussed above, some of Jones Days' relationships go to the very crux of the reorganization of this Debtor. For example, Jones Day still represents the Levitz debtors.

Clearly, no matter whether there is a sale of assets here or not, the Debtor will need to thoroughly

examine the sale transaction with Levitz to determine if there are any causes of action. Jones

Day also represents GECC, which is not only the largest creditor in this case, but a client that

Jones Day is contractually obligated not to sue. Finally, there is no question that the landlords

that currently retain Jones Day will be an integral part of this bankruptcy's ultimate resolution,

whether through assumption, rejection or sale of their leases.

In a case before the Hon. Adlai S. Hardin, Jr., with facts remarkably similar to those here,

the Court stated ". . . an adverse interest, within the meaning of the Bankruptcy Code, is not a

situation where there is actual raging conflict. An adverse interest, within the meaning of Section

327(a) is any interest where the parties in a negotiation, no matter how friendly, would sit on the

other side of the table from each other." *In re Portrait Corporation of America, Inc.*, Case No.

06-22541 (ASH) ("PCA"), ECF No. 136 at 16. Based on the Court's comments, the debtor

sought new counsel. *Id.*, *PCA* Case Docket ECF No. 227 at 5-6.[2] This would be the appropriate

result in this case.

Once a bankruptcy court finds that a professional does not meet the requirements of

Section 327(a), it is an error of law to approve the employment of that professional. *In re

Mercury*, 280 B.R. 35, 55 (Bankr. S.D.N.Y. 2002), *aff'd,* 122 Fed. App. 528 (2d Cir. 2004); and

*In re Harold and Williams Development Co.*, 977 F.2d 906, 909 (4th Cir. 1992).

---

[2] The Court issued an order approving the proposed firm as debtor's counsel in *PCA* for a
limited period until the debtor could retain new counsel. *See PCA* ECF No. 206. The issue of
"transition" counsel is *sub judice* before the United States District Court for the Southern District
of New York. *Adams v. PCA, et al.* (*In re PCA, et al.*), Civil No. 07-0245(SCR).

WHEREFORE, the United States Trustee requests that the Court sustain her objections, deny the Application and grant other relief as is just.

Dated: New York, NY
      November 15, 2007

DIANA G. ADAMS
UNITED STATES TRUSTEE

By:   /s/ Paul K. Schwartzberg
      Paul K. Schwartzberg (PKS 9129)
      Susan D. Golden (SG 1218)
      Trial Attorneys
      33 Whitehall Street
      21st Floor
      New York, New York 10004-2112
      Tel. No. (212) 510-0500
      Fax. No. (212) 668-225
