UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
: 
In re :
: Chapter 11
PLVTZ, Inc.,[1] :
: Case No. Case No. 07-13532 (REG)
Debtor. :
:
------------------------------------------------------x

**ORDER AUTHORIZING THE DEBTOR TO RETAIN AND EMPLOY
JONES DAY AS COUNSEL, *NUNC PRO TUNC* AS OF THE PETITION DATE**

This matter coming before the court on the Application of the Debtor For an Order (I) to Retain Jones Day as Counsel, *Nunc Pro Tunc* as of the Petition Date and (II) Granting Certain Related Relief (the "Application"),[2] filed by the above-captioned debtor (the "Debtor"); the Court having reviewed the Application, the Erens Declaration and the Disclosure of Compensation; the Court having also reviewed the objection of the U.S. Trustee to the Application [Docket No. 101] (the "Objection") and the Debtor's reply to the Objection [Docket No. 241] (the "Reply"); and having considered the statements of counsel and the evidence adduced with respect to the Application at a hearing before the Court (the "Hearing"); and the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) venue is proper in this district pursuant to 28 U.S.C. § 1409, (c) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (d) notice of the Application and the Hearing was sufficient under the circumstances, (e) in light of the circumstances, the requirement of Rule 9013-1(b) of the Local Rules of the United States Bankruptcy Court for the Southern

---

[1] The Debtor, PLVTZ, Inc. (Employer's Tax Identification No.: 56-2535090), is a Delaware corporation. The address of the Debtor is 233 Broadway, 23rd Floor, New York, NY 10279.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Application.

District of New York that a separate memorandum of law be filed in support of the Application is deemed satisfied or otherwise waived and (f) Jones Day is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code in that: (i) Jones Day has no connection with the Debtor, its creditors, the United States Trustee, any person employed by the office of the U.S. Trustee or any other party with an actual or potential interest in this chapter 11 case or their respective attorneys or accountants, except as set forth in the Erens Declaration; (ii) Jones Day is not a creditor, equity security holder or insider of the Debtor; (iii) Jones Day is not and was not, within two years of the Petition Date, a director, officer or employee of the Debtor; and (iv) Jones Day does not have nor represent an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with or interest in, the Debtor or for any other reason; and the Court having determined that the legal and factual bases set forth in the Application, the Affidavit and the Reply and at the Hearing establish just cause for the relief granted herein;

IT IS HEREBY FOUND THAT:

1. The Application is GRANTED to the extent provided herein.

2. The Objection is hereby overruled.

3. The Debtor is authorized to retain and employ Jones Day as its counsel in this chapter 11 case, pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Bankruptcy Rule 2014-1 on the terms and conditions set forth in the Application and the Engagement Letter, nunc pro tunc as of the Petition Date.

4. Jones Day shall be compensated for its services and reimbursed for any related expenses in accordance with applicable provisions of the Bankruptcy Code, the

Bankruptcy Rules, the Local Bankruptcy Rules and any other applicable orders or procedures of this Court.

5. Jones Day shall be permitted to continue to hold the Retainer through the duration of this chapter 11 case; provided, however, that Jones Day shall apply any unused portion of the Retainer against any allowed post-petition fees and expenses prior to payment under any carve-out provided for in any cash collateral or financing orders entered in this case.

6. To the extent that this Order is inconsistent with the Engagement Letter, the terms of this Order shall govern.

Dated: New York, New York
*December 4, 2007*

*S/ Robert E. Gerber*
UNITED STATES BANKRUPTCY JUDGE